UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| COLLEEN MOULTRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV421-075 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Colleen Moultry seeks attorney's fees under the Equal Access to Justice Act. Doc. 22. The Defendant does not oppose the motion. Doc. 23. For the reasons set forth below, it is **RECOMMENDED**[1] that plaintiff's motion be **GRANTED, in part** and **DENIED, in part**. Doc. 22.

I.     BACKGROUND

At the Defendant's request, the District Judge reversed and remanded plaintiff's social security appeal to the agency for further

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

1

consideration, and judgment was entered in plaintiff's favor. Docs. 19 (Consent Motion for Reversal and Remand), 20 (Remand Order), & 21 (Judgment). Plaintiff then filed the instant motion requesting $4,034.81 in attorney's fees and $21.15 in expenses. Doc. 22 at 2.

## II. ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, *see* doc. 20, and her request is timely, *see* doc. 21 (Judgment entered November 4, 2021), doc. 22 (Motion filed December 6, 2021). She has alleged that the Commissioner's position was not substantially justified, and the Commissioner has not refuted that assertion. *See* doc. 22-1 at 1-4; *see also* doc. 23 at 1; *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified."). The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court should also find that the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per

hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable.  Plaintiff requests fees for 10.3 hours of attorney work and 19.25 hours of paralegal work.  *See* docs. 22-3, 22-4, & 22-5.  The transcript totaled 1,647 pages, *see* doc. 17-1, and counsel and staff, among other tasks, distilled that record down into a 26-page persuasive brief, doc. 18.  The brief was so compelling, the Defendant sought reversal and remand for further proceedings.  *See* doc. 19.

Plaintiff's lawyers seek fees at an hourly rate of $202.50, which "does not exceed the rate specified in the Equal Access to Justice Act, adjusted for inflation."  *See* doc. 22-1 at 4-5; *see also* docs. 22-6 & 22-7 (Consumer Price Indexes).  A cost-of-living increase is specifically mentioned in the EAJA as a factor justifying a higher hourly rate.  See 28 U.S.C. § 2412(d)(2)(A).  The Government does not object to Plaintiff's counsel's hourly rate.  *See* doc. 23 ("The Commissioner does not oppose the requested award of fees and expenses.").  The Court should approve counsel's proposed hourly rate as reasonable.  *See, e.g., Thomas v.*

*Kijakazi*, CV419-271, doc. 24 at 3 (S.D. Ga. April 5, 2022) (finding rates of $206.60 and $219.63 per hour reasonable).

Plaintiff asks that counsel's paralegals' time be reimbursed at a rate of $101.25 per hour, arrived at by dividing the requested attorney hourly rate in half. Doc. 22-1 at 5. There is nothing else provided to support the reasonableness of the requested hourly rate for the paralegal's time. *See generally* doc. 22. In 2019, this Court determined that an hourly rate of $75 for paralegals was reasonable and rejected the request for $96.88. *See Holton v. Saul*, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019). There, as here, the paralegal's affidavits were silent as to their customary billing rate. *Compare id. with* doc. 22-5. The two cases share more in common—one paralegal in that case is the same as in the instant case. *Id.* Absent any justification from Plaintiff for a higher hourly rate, the Court should find, as it did in *Holton*, that $75 is a reasonable hourly rate for the paralegal's time. *Holton*, 2019 WL 6040184, at *2.

Applying the above-discussed hourly rates to the total amount of reasonable hours expended, the Court should award Plaintiff[2] $3,529.50

---

[2] Plaintiff's motion indicates that Plaintiff has assigned payment of EAJA fees to her

in attorney's fees, comprised of $2,085.75 for 10.3 hours of attorney time at a rate of $202.50 per hour, and $1,443.75 for 19.25 hours of paralegal time at a rate of $75 per hour.

Plaintiff also seeks reimbursement of $21.15 in expenses. Doc. 22 at 2. Plaintiff's counsel's affidavit indicates this expense was for certified mail fees. *See* doc. 22-4 at 2. Postage expenses are of the type reimbursable under the EAJA. *Jean*, 863 F.2d at 777-78 (citing 28 U.S.C. § 2412(d)(1)(A)); *see also Bailey v. Comm'r of Soc. Sec.*, 2023 WL 2817716, at *2 (M.D. Ga. April 6, 2023) ("[W]hen determining whether to allow reimbursement of certified mail fees, courts under the Eleventh Circuit have assessed the reasonableness of the cost."). The requested amount

---

counsel. Doc. 22 at 2; *see also* doc. 22-2. In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

is reasonable and should be awarded to Plaintiff as a reimbursable expense.

## III. CONCLUSION

The Court should **GRANT**, in part, Plaintiff's Motion for Attorney Fees. Doc. 22, in part. To the extent the motion requests an award of paralegal fees at a rate that is not substantiated, it should be **DENIED**, in part. Doc. 22, in part. Plaintiff should be awarded $3,529.50 in attorney's fees and $21.15 in expenses.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 28th day of April, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA